Simpson *v.* Moore.

5L 372
2pj 229

HENRY SIMPSON *v.* E. M. MOORE *et al.*

1. ESTOPPEL. *Debtor estopped to defend.* *When.* An assurance by a debtor that he has no defense to a debt is binding upon him, and if the note is purchased by the party to whom such assurance was given, upon suit brought thereon he will be estopped to set up any defence existing, and this is so whether such assurance was given with a fraudulent intent, by mistake or incautiously.

2. CHANCERY PRACTICE AND PLEADINGS. *Pro confesso.* *Joint defense.* A note was executed for land, signed by three makers. In the deed there was a stipulation that as to one-fourth of the land there was to be an abatement of the price, if not conveyed by a valid deed, the same having been purchased by the vendor of a minor. The note was purchased by complainant, as the bill alleges, with knowledge of the stipulation, in the presence of the makers, who agreed that the land was liable for the note, and that the deed retained a lien therefor

on its face. Against one of the defendants an order *pro confesso* was taken, the others answered, denied the allegations of the bill as to any representations, and, upon trial, were discharged. *Held*, their discharge did not inure to the benefit of the one against whom the order *pro confesso* had been taken.

### FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. Smith, Ch.

R. M. McKee for complainant.

H. H. Ingersoll for defendant.

Deaderick, C. J., delivered the opinion of the court.

The bill in this case was filed to enforce a lien retained upon the face of the deed, for unpaid purchase money of a tract of land. It alleges that one Elam Carter sold to defendants, E. M. Moore, Redenhour and Wells, a tract of land in Greene county; that the vendor made a deed therefor by his attorney in fact, and took a note in part payment thereof for $3,000, of Moore, Wells, and defendant Jas. M. Malony, who took the place in purchase of said Redenhour; that complainant (and two others, who, before the filing of the bill, transferred their interest to the complainant) bought said note of Elam Carter in the presence of the makers, and that it was distinctly agreed then and there between all the parties, the payee and makers of said note and the complainant, that said land was liable for said note, or the

balance thereof, some payments having been made thereon, and that the deed retained said lien upon its face, complainant having never seen said deed, which was not registered. At the same time said Maloney paid, what was understood and agreed between the makers, as his part of said note; that complainant did not hear, until a long time after this, that defendants claimed any equity or set-off against this note so purchased, and paid for by him, when he learned that there was a stipulation in the deed that as to one-fourth of the land there was to be an abatement of the price if not conveyed by a valid title; that this part of the land was purchased by the vendor of Elizabeth Carter, who was a minor at the time of the sale. Of this defect in the title neither said makers or payee of said note informed said complainant at the time it was assigned to him, but he took said note, on the 'faith of the lien represented by defendants to have been retained in the deed, for its payment. It is then charged in the bill that said makers of said note, to-wit: Moore, Wells and Maloney, having been present at the time of said assignment thereof to him by Elam Carter, and having full knowledge of the facts, and having failed to give any notice thereof, are now estopped to do so, and are liable to him on said note, by reason of their representations that the lien existed on said land.

Moore and Redenhour, the administrator of Wells, he having died, answered and denied that they were present at the assignment of said note, or made the representations as charged, or said the land was liable

for said note.    Maloney failed to answer, and a judgment *pro confesso* was taken against him.

Upon the hearing the chancellor decreed against the defendants, and Moore and Redenhour appealed to this court.    The decree was reversed as to Moore and Redenhour.    But Maloney not having appealed, no decree was rendered as to him.    Maloney, by writ of errror, brought the cause to this court, and now seeks a reversal of the decree against him, upon the ground that the bill makes no case against him entitling complainant to a decree against him, and if it did, defendants were all jointly interested in the matter as co-purchasers of the land and joint makers of the note, and the defense of one co-defendant will enure to the benefit of all, when such de'ense disproves the equity against all the defendants.

The effect of a judgment *pro confesso*, ordinarily, is an admission of the truth of the facts charged in the bill, and if the bill makes a case entitling complainant the relief, and the decree of this court reversing the chancellors's decree does not enure to the benefit of Maloney, the decree below against him must be affirmed.

It is distinctly alleged in the bill that defendants Maloney, Moore and Wells represented that the note was a lien on the land, and they failed to disclose any defect of title or reservation in the deed tending to depreciate the security afforded by said lien, and it is also alleged that this assurance was relied on by complainant as making the note safe, and the facts in

relation to said assignment and reservation in said deed were known to defendants.

All allegations of the bill are taken to be true, as against Maloney, by his failure to answer by reason of the judgment *pro confesso* against him. And we are of the opinion that these admissions are sufficient to charge the defendant, Maloney, with the balance due on said note.

An assurance by a debtor that he has no defense to the debt, is binding upon him, and if the note is purchased by the party to whom such assurance was given, upon suit brought thereon he is estopped to set up any defense existing at the time. Her. on Estoppel, secs. 445 to 449. And this is so whether such assurances are given with a fraudulent intent, by mistake, or incautiously. *Ibid.*

Nor do we think defendant is entitled to the benefits of the decree of this court in favor of his codefendants. The decree of this court in their favor obviously implies that his case stands upon a different footing from that of his co respondents. If he had been entitled to the same defenses that were made for them, because they were not severable, but identical, they might have been made available at the time of the former decree. 2 Tenn. Ch. R., 572, 573; 3 Lea, 352. But in this case Moore and Redenhour answered and denied the allegations of the bill, and this court was of opinion that the evidence did not sustain the charges made against them. But Maloney stands as if every charge made were established by proof, and we are bound so to regard the case. Their defenses,

therefore, although the same, are personal to each, and Moore and Redenhour are discharged from liability because the case made in the bill against them is not made out by proof. Maloney is charged, because, in legal effect, he admits the allegations of the bill, and is thereby estopped to deny his liability

The decree of the chancellor will be affirmed with costs.